**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO ARRIETA,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, and DOES 1 to 100, Inclusive,<br><br>    Defendants. | CASE NO.: 1:14-cv-00400-LJO-JLT<br><br>ORDER TO SHOW CAUSE RE CONSOLIDATION FOR ALL PRETRIAL PURPOSES OF RELATED CASES |
| LAURA VASQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, and DOES 1 to 100, Inclusive,<br><br>    Defendants. | CASE NO.: 1:14-cv-00401-LJO-JLT<br><br>ORDER TO SHOW CAUSE RE CONSOLIDATION FOR ALL PRETRIAL PURPOSES OF RELATED CASES |
| MARIA MELENDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, and DOES 1 to 100, Inclusive,<br><br>    Defendants. | CASE NO.: 1:14-cv-00402-LJO-JLT<br><br>ORDER TO SHOW CAUSE RE CONSOLIDATION FOR ALL PRETRIAL PURPOSES OF RELATED CASES |

| | |
|---|---|
| **SULINA QUAIR,** | **CASE NO.: 1:14-cv-00403-LJO-JLT** |
| Plaintiff, | **ORDER TO SHOW CAUSE RE CONSOLIDATION FOR ALL PRETRIAL PURPOSES OF RELATED CASES** |
| v. | |
| **COUNTY OF KERN, and DOES 1 to 100, Inclusive,** | |
| Defendants. | |
| **MELISSA QUAIR,** | **CASE NO.: 1:14-cv-00404-LJO-JLT** |
| Plaintiff, | **ORDER TO SHOW CAUSE RE CONSOLIDATION FOR ALL PRETRIAL PURPOSES OF RELATED CASES** |
| v. | |
| **COUNTY OF KERN, and DOES 1 to 100, Inclusive,** | |
| Defendants. | |

Plaintiffs in the five (5) above-captioned cases claim to have witnessed and/or videotaped a violent encounter on or about May 7, 2013 between unnamed Kern County Sheriff's Department and a man unrelated to Plaintiffs. All Plaintiffs claim to have been subjected to unlawful treatment when certain of the Officers attempted to retrieve the cellular telephone on which the video had been recorded. Among other things, Plaintiffs claim Officers refused for several hours on the evening of May 7, 2013 and again the next morning to let Plaintiffs leave an apartment where all Plaintiffs were congregated. Defendants have filed substantially similar and overlapping motions to dismiss the five separate complaints. In light of the substantial overlap between these cases, consolidation may aid both judicial and party efficiency.

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or

2

(3) issue any other orders to avoid unnecessary cost or delay.

The purpose of consolidation is to achieve judicial convenience and economy. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). However, consolidation is not meant to "merge the suits into a single cause, [] change the rights of the parties, or make those who are parties in one suit parties in another." *Id.*; *see also J.G. Link & Co. v. Continental Cas. Co.*, 470 F.2d 1133, 1138 (9th Cir. 1972) ("the law is clear that an act of consolidation does not affect any of the substantive rights of the parties"). A district court has broad discretion to determine whether and to what extent consolidation is appropriate. *See In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998). In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *see also Bank of Montreal v. Eagle Assoc.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) (court must weigh benefits of consolidation against "the potential for delay, confusion, or prejudice").

The parties are **ORDERED TO SHOW CAUSE IN WRITING** on or before **April 24, 2014**, why the above-captioned cases should not be consolidated for all pretrial purposes, including but not limited to: scheduling, discovery, and dispositive motions practice.

IT IS SO ORDERED.

Dated:   **April 15, 2014**          /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE